**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Quashawn Sheridan, | Case No.: 2:25-cv-00959-APG-DJA |
| Petitioner | **Order Dismissing the Habeas Corpus Petition Without Prejudice and Denying Motions** |
| v. | |
| State of Nevada, | [ECF Nos. 1, 1-1] |
| Respondents | |

*Pro se* Petitioner Quashawn Saquan Sheridan has filed a petition for writ of habeas corpus and an application to proceed *in forma pauperis* (IFP). ECF Nos. 1, 1-1.  On initial review under the Habeas Rules, I dismiss the petition without prejudice and direct the Clerk of the Court to close this case.

**I.      Discussion**

Sheridan has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an complete IFP application. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court.  An indigent prisoner may be authorized to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing.  28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2. Sheridan did not include the three specific documents required with his IFP application.

In addition, the petition is subject to multiple defects.  To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  First, to the extent that Sheridan is challenging his Nevada state court conviction, he must file a habeas petition under 28 U.S.C. § 2254.  Section 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

Second, the petition does not set forth any potentially meritorious claim that his custody violates federal law.  Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Third, Sheridan has not alleged or demonstrated that he properly and fully exhausted his state court remedies.  A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court).  The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S.

2

722, 731 (1991). As a general rule, a federal court will not entertain a petition seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

Fourth, it appears that Sheridan has been released on parole and is no longer in custody. In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that he is "in custody." 28 U.S.C. 2254(a).

To the extent that Petitioner is challenging his Nevada state convictions, he must file a petition under 28 U.S.C. § 2254 that present cognizable federal habeas corpus claims. Further, Petitioner has failed to exhaust his state court remedies. Accordingly, I dismiss the petition without prejudice.

## II.   Conclusion

I THEREFORE ORDER:

1.   Petitioner Quashawn Saquan Sheridan's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.

2.   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

3.   The Clerk of the Court is directed to enter judgment accordingly and close this case.

4.  A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 29th  day of June, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4